IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMIAH CALP, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 23-335-E |
| MARTIN O'MALLEY,[1] | ) |
| *Commissioner of Social Security,* | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 13th day of November, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]     Plaintiff argues that the Administrative Law Judge ("ALJ") crafted an inaccurate residual functional capacity ("RFC") as a result of failing to properly evaluate the record evidence. (Doc. No. 11). Plaintiff specifically asserts that the ALJ's RFC finding did not adequately account for his psychological consultative examination, the opinion of Dr. Richard Hardaway, Ph.D., and his moderate limitations in adapting or managing oneself identified in Step Two of the sequential process. (*Id.*). The Court disagrees with Plaintiff and finds instead that substantial evidence supports the ALJ's RFC finding and his ultimate determination that Plaintiff is not disabled.

After evaluating all of the evidence, the ALJ crafted the following RFC:

[T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except [he] can never climb ladders, ropes, or scaffolds; never crawl; occasionally climb ramps or stairs; occasionally balance, stoop, bend, kneel, and crouch; limited to occasional exposure of hazards, dangerous machinery or equipment, unprotected heights and use of foot controls; can understand, remember and carry out detailed but not complex tasks; and no forced pace, assembly line, or production rate jobs.

(R. 21). Plaintiff argues that this RFC is the product of legal error for several reasons, the first of which is that the ALJ failed to adequately evaluate the opinion of Dr. Hardaway. (Doc. No. 11 at 8-10). Dr. Hardaway opined that Plaintiff was very limited and specifically mentioned that Plaintiff was "unlikely to have the ability to sustain concentration and persist in work-related activity at a reasonable pace due to chronic, anxious major depression and PTSD [posttraumatic stress disorder]." (R. 25 (citing Ex. 6F/5)). Dr. Hardaway further noted that "it appears unlikely that [Plaintiff] could maintain effective social interaction on a consistent and independent basis with supervisors, co-workers, and the public, or cope with normal pressures in a competitive work setting[.]" (*Id.*). The ALJ determined that Dr. Hardaway's opinion was not persuasive and noted that his "use of the term 'unlikely' [was] vague and not specific to actual limitations." (R. 25).

Plaintiff contends the ALJ had a duty to re-contact Dr. Hardaway after finding that his use of the term "unlikely" was unclear. (Doc. No. 11 at 9-10). The Court disagrees. The decision whether to re-contact Dr. Hardaway was within the sound discretion of the ALJ. *See* 20 C.F.R. §§ 404.1519a(a)-(b), 404.1520b(b)(2)(i); *see also Bryson v. Comm'r of Soc. Sec.*, 639 F. Appx. 784, 787 n.8 (3d Cir. 2016) (stating that "recontacting a medical source is now discretionary."). Here, Dr. Hardaway's opinion clearly stated that he found

Plaintiff to be very limited in social interaction. (Ex. 6F/5). The ALJ's analysis that he found the term "unlikely" not correlated to actual social limitations did not trigger the duty to recontact this medical source, as the ALJ reasonably determined that this opinion was not persuasive on several grounds. Accordingly, Plaintiff's argument on this point is without merit.

Additionally, the Court rejects Plaintiff's argument that the ALJ failed to adequately evaluate the supportability and consistency of Dr. Hardaway's opinion. Plaintiff contends the ALJ only briefly addressed the supportability of the opinion with very little explanation and did not address the consistency of this opinion with the other medical and nonmedical sources in the record. (Doc. No. 11 at 10-15). Plaintiff is correct that supportability and consistency are important factors to the ALJ's analysis of medical opinions; indeed, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* 20 C.F.R. §§ 404.1520c(b) and (c). Here, the ALJ sufficiently addressed the supportability and consistency factors in relation to Dr. Hardaway's opinion.

To this point, the ALJ stated as follows:

> [T]he undersigned considered the opinion of psychological consultative examiner, Dr. Richard Hardaway, PhD, who found the claimant demonstrated signs and symptoms of persistent depressive disorder and posttraumatic stress disorder with dissociative symptoms (Exhibit 6F/5). As such, Dr. Hardaway opined the claimant is unlikely to have the ability to sustain concentration and persist in work-related activity at a reasonable pace due to chronic, anxious major depression and PTSD (Exhibit 6F/5). Dr. Hardaway also found it appears unlikely that the claimant could maintain effective social interaction on a consistent and independent basis with supervisors, co-workers, and the public, or cope with normal pressures in a competitive work setting (Exhibit 6F/5). In support of this opinion, Dr. Hardaway relied on the claimant's self-reports and a comprehensive mental status examination. However, the undersigned finds the use of the term "unlikely" is vague and not specific to actual limitations. The undersigned finds Dr. Hardaway's diagnoses consistent with objective evidence at the hearing level, but his limitations on social interaction inconsistent with the claimant's self-reports and behavior during the exam. Therefore, the undersigned did not find Dr. Hardaway's opinion on the claimant's functional limitations generally persuasive and instead finds the mental limitations in the above RFC necessary.

(R. 25). As this analysis shows, the ALJ sufficiently analyzed the consistency of Dr. Hardaway's opinion with the rest of the record by noting that his opinion was consistent

3

with some evidence, but inconsistent with other evidence within the record. Further, the ALJ adequately analyzed the supportability factor by noting that Dr. Hardaway formed his opinion by relying on Plaintiff's self-reports and a comprehensive mental status examination and that Dr. Hardaway's opined social limitations were not supported by these assessments. Accordingly, the ALJ's analysis sufficiently accounts for the supportability and consistency factors.

Plaintiff contends that the ALJ erred in stating that his self-reports do not support Dr. Hardaway's opined limitations. (Doc. No. 11 at 11-12). In his self-reports, Plaintiff stated he felt detached and disengaged, had an explosive temper, and was easily startled. (R. 902). While such self-reports may have supported some type of social limitations, the ALJ was clear that both Plaintiff's self-reports and his behavior during the examination, together, did not support Dr. Hardaway's opined social limitations, which were very restrictive. (R. 25). This makes sense as the ALJ explained earlier in his decision that Plaintiff was friendly, cooperative, and engaged in reciprocal conversation during his exam with Dr. Hardaway. (R. 20, 22, 903). Thus, Plaintiff's argument on this point fails.

Plaintiff also argues that the ALJ erred by failing to address his Patient Health Questionnaire-9 ("PHQ-9"), Generalized Anxiety Disorder-7 ("GAD-7"), and Posttraumatic Checklist for DSM-5 ("PCL-5") screenings, all of which indicated severe depression, anxiety, and PTSD and were consistent with Dr. Hardaway's opined limitations. (Doc. No. 11 at 13). Plaintiff further contends that the ALJ substituted his own lay opinion by failing to address or acknowledge these screenings. (*Id.*). The Court disagrees. Plaintiff points to no precedent mandating that remand is warranted solely on this basis. Indeed, the ALJ need not discuss "every tidbit of evidence included in the record" so long as "the ALJ's decision, read as a whole, illustrates that the ALJ considered the appropriate factors[.]" *Hur v. Barnhart,* 94 F. Appx. 130, 133 (3d Cir. 2004); *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). Here, Plaintiff's PHQ-9, GAD-7, and PCL-5 scores indicated that he reported severe depression, anxiety, and PTSD. (R. 419-63; Doc. No. 11 at 13). While the ALJ did not specifically cite these scores, he did discuss these impairments and even found Plaintiff's depression, anxiety, and PTSD to be severe impairments. (R. 18). Further, the ALJ noted that Plaintiff occasionally attended group therapy for PTSD, acknowledged that Plaintiff applied for disability due to PTSD, depression and anxiety, and noted Plaintiff's diagnosis and treatment for PTSD. (R. 22-23). All together, this shows that the ALJ was aware of these impairments and adequately considered them in determining Plaintiff was not disabled.

The Court also finds no merit in Plaintiff's argument that the ALJ erred by not accounting for the moderate limitations in adapting and managing oneself that he found at Step Two of the sequential process. (Doc. No. 11 at 15-17). Plaintiff overlooks that the United States Court of Appeals for the Third Circuit rejected a categorical rule requiring particular RFC limitations where a moderate limitation is assessed in one of the four broad

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

s/Mark R. Hornak, J.<br>
United States District Judge

ecf:   Counsel of record

---

areas of mental functioning at Steps Two or Three.  *See Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 209-11 (3d Cir. 2019).  Instead, as Defendant explains, the Third Circuit has endorsed a "fact-specific 'valid explanation' approach," requesting that the ALJ offer a valid explanation for an RFC restriction purporting to account for a claimant's moderate limitation in one of these areas of functioning.  *Id.* at 211-12; (Doc. No. 14 at 12).  It follows that "no incantations are required at steps four and five simply because a particular finding has been made at steps two and three."  *Hess*, 931 F.3d at 209.  Said differently, a particular limitation in an RFC is not required simply because the claimant is found to have a moderate limitation at Steps Two and Three.

Applying this here, the ALJ did not err in crafting Plaintiff's RFC.  While the ALJ found Plaintiff had moderate limitations in his ability to adapt and mange himself at Step Two (R. 20), the ALJ also explained that Plaintiff was able to prepare simple meals daily, bathe, dress, clean, shop in stores, use a phone and computer, handle finances, have friends, live with a girlfriend, and utilize 911 in emergencies.  (R. 19-20).  The ALJ further stated that the limitations he assessed in this area were reflected in his RFC assessment.  (R. 21) (stating "[t]he following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis.").  The ALJ then explained that he crafted the RFC after considering the entire record, including evidence showing that Plaintiff engaged in a variety of daily activities and that he was working in a wrestling promotion business with employees and stress associated with taxes related to his business.  (R. 21-23, 1303, 1309).  Accordingly, the ALJ's RFC finding is supported by substantial evidence.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.

5